IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS


ANTHONY CAIRNS,                      )
                                       )
            Plaintiff,        )
                                       )      CIVIL ACTION
vs.                                  )
                                     )      FILE No.
BARBARA JORGENSEN and STARBUCKS  )
CORPORATION, d/b/a STARBUCKS COFFEE  )
COMPANY,                     )
                                     )
           Defendants.    )

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, BARBARA JORGENSEN and STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' BARBARA JORGENSEN and STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is and has been at all

1

times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.     Defendant, BARBARA JORGENSEN (hereinafter "BARBARA JORGENSEN") is an individual who transacts business in the State of Texas and within this judicial district.

8.     Defendant, BARBARA JORGENSEN, may be properly served with process via service, to wit:  5555 Los Osos Valley Road, San Luis Obispo, CA  93405-7831.

9.     Defendant, STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS") is a Washington corporation that transacts business in the State of Texas and within this judicial district.

10.    Defendant, STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY, may be properly served with process via service, to wit:   Corporation Service

Company, d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, TX  78701.

## FACTUAL ALLEGATIONS

11.     On or about July 10, 2021, Plaintiff was a customer at "Starbucks," a business located at 1101 W. Parker Road, Plano, TX  75023, referenced herein as "Starbucks". *See* Receipt attached as Exhibit 1. *See* also photo of Plaintiff attached as Exhibit 2.

12.     Plaintiff again revisited the Property on July 31, 2021, but saw the barriers to access and did not want to expose himself to the risks and difficulties present at the Property and decided not to patronize Starbucks, despite his love of coffee.

13.     Defendant, BARBARA JORGENSEN, is the co-owner of the real property and improvements that Starbucks is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Defendant, STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY, is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

15.     Plaintiff lives 7 miles from the Property.

16.     Given the close vicinity of the Property to Plaintiff's residence, Plaintiff is routinely being driven near by the Property.

17.     Defendant, BARBARA JORGENSEN, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, BARBARA JORGENSEN, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendants' requirement to comply with the ADA for the entire Property it owns, including the interior portions of the

3

Property which are public accommodations.   *See* 28 CFR § 36.201(b).

18.     Plaintiff's access to Starbucks and other businesses at the Property, located at 1101 W. Parker Road, Plano, TX   75023, Collin County Property Appraiser's property identification number 99896 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

19.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

20.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

21.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

22.     Although Plaintiff did not personally encounter each and every barrier to access

identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

23.    Plaintiff's inability to fully access the Property and the stores within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

<u>COUNT I</u>
<u>VIOLATIONS OF THE ADA AND ADAAG</u>

24.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

25.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)  discrimination against individuals with disabilities persists in such critical

areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

26.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

27.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

28.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

29.     The Property is a public accommodation and service establishment.

30.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

31.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

32.     The Property must be, but is not, in compliance with the ADA and ADAAG.

33.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.     Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.    Defendants, BARBARA JORGENSEN and STARBUCKS, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

36.    Defendants, BARBARA JORGENSEN and STARBUCKS, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, BARBARA JORGENSEN and STARBUCKS, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

37.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)    Accessible parking space has a cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    The access aisle adjacent to the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This barrier to access would make it dangerous and difficult for Plaintiff to

exit and enter their vehicle while parked at the Property as Plaintiff's wheelchair may roll down the slope while entering or exiting the vehicle.

(iii)   The accessible curb ramp lacks a clear and level area at the top of the ramp of at least 36 inches in length past the top of the ramp in violation of section 406.4 of the 2010 ADAAG Standards.  This barrier to access would make it difficult and dangerous for Plaintiff to access the public accommodations offered at the Property because a clear and level landing is necessary for Plaintiff to safely turn from the ramp towards the entrances, by not having a clear and level landing, Plaintiff is forced to turn on a sloped surface which can cause the wheelchair to tip over and cause injury.

(iv)   Due to the barrier to access identified in (iii), he surfaces of the accessible route lacks a level turning space of at least a 60 inches in diameter circle or a 60 inch square minimum t-shaped space in violation of section 304.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because if Plaintiff is forced to turn on a sloped surface this can cause the wheelchair to tip over and cause injury.

(v)   Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This violation would make it difficult for Plaintiff to access exterior public features of the Property as the noses of the vehicles will block the access route for Plaintiff.

(vii)    The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize public transportation to access the public accommodations located on the Property.

(viii)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(ix)    The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

38.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

39.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

40.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

41.      All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

43.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, BARBARA JORGENSEN and STARBUCKS, have the financial resources to make the necessary modifications since the parcel is valued at $921,798.00 according to the Property Appraiser website.

44.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, STARBUCKS is a world-wide billion dollar company with ample financial resources.

45.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

46.     Upon information and good faith belief, the Property have been altered since 2010.

47.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG

standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

48.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, BARBARA JORGENSEN and STARBUCKS, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

49.     Plaintiff's requested relief serves the public interest.

50.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, BARBARA JORGENSEN and STARBUCKS.

51.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, BARBARA JORGENSEN and STARBUCKS, pursuant to 42 U.S.C. §§ 12188 and 12205.

52.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, BARBARA JORGENSEN and STARBUCKS, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendants, BARBARA JORGENSEN and STARBUCKS, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendants, BARBARA JORGENSEN and STARBUCKS, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendants, BARBARA JORGENSEN

and STARBUCKS, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 27, 2021.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS